**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

   Plaintiff,        Case No. 87-CR-80933-09

v.              Hon. Gerald E. Rosen

WILLIAM JACKSON,

   Defendant.
_____/

**ORDER DENYING DEFENDANT'S**
**MOTION FOR REDUCTION IN SENTENCE**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    June 25, 2009   

PRESENT: Honorable Gerald E. Rosen
        Chief Judge, United States District Court

By *pro se* motion filed on May 1, 2008, Defendant William Jackson seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), citing the recent amendments to the United States Sentencing Guidelines pertaining to crack cocaine. Having reviewed Defendant's motion and the record as a whole, the Court finds that this motion is readily resolved, and that a hearing is not necessary.[1]  For the reasons stated briefly below, the Court holds that Defendant is not eligible for resentencing under § 3582(c)(2), because the pertinent Sentencing Guidelines amendments do not operate in

---

[1] Although the Court appointed counsel to represent Defendant in connection with his pending motion, his counsel has elected not to supplement Defendant's initial *pro se* submission. Likewise, the Government has not filed a response to Defendant's motion.

this case to reduce Defendant's sentencing range under the Guidelines.

In February of 1994, the Court sentenced Defendant to a 360-month term of imprisonment following his conviction of conspiracy to possess with intent to distribute and to distribute cocaine. This sentence was at the bottom of the computed Sentencing Guideline range of 360 months to life, a range that was based on a total offense level of 41 and a Category II criminal history. The total offense level of 41, in turn, was derived from a base offense level of 36, a three-level increase for Defendant's role in the charged drug conspiracy, and a two-level increase for obstruction of justice. Defendant's base offense level was determined under the 1988 version of the Sentencing Guidelines, which called for a base offense level of 36 for drug offenses involving 500 grams or more of cocaine base. *See* U.S.S.G. § 2D1.1(c) (1988). This threshold was readily met because, as observed in the presentence report, Defendant's drug conspiracy offense actually involved **5 *kilograms*** of cocaine base[2] — *i.e.,* ***ten times*** the quantity that triggered the highest possible base offense level under the 1988 version of § 2D1.1(c).

In November of 1989, the drug quantity table set forth at § 2D1.1(c) of the Sentencing Guidelines was amended "to reflect offenses involving extremely large quantities of controlled substances." U.S. Sentencing Guidelines Manual app. C, amend. 125. If Defendant had been sentenced under this version of the Guidelines, the 5-kilogram quantity of cocaine base involved in his drug conspiracy offense would have

---

[2]Defendant did not lodge any objections to this — or, for that matter, any other — aspect of the presentence report.

triggered a base offense level of 40, rather than the base offense level of 36 used to compute his Guidelines sentencing range. Although this drug quantity table has been amended in various respects over the years, it appears that the base offense level for a drug offense involving 5 kilograms of cocaine base has never dropped below 38. Most importantly, in the wake of the recent crack cocaine amendments to the Sentencing Guidelines, the drug quantity table at § 2D1.1(c) continues to call for a base offense level of 38 where a drug offense involves 4.5 kilograms or more of cocaine base. *See* U.S.S.G. § 2D1.1(c) (2008).

Against this backdrop, Defendant plainly cannot appeal to the crack cocaine amendments as warranting a reduction in his sentence, because this sentence was not based on a Sentencing Guideline range that has subsequently been lowered by these amendments. *See United States v. Johnson,* 564 F.3d 419, 423 (6th Cir. 2009) (confirming that the crack cocaine amendments apply only where a defendant is "sentenced based on a Guidelines range that was subsequently reduced" as a result of these amendments). To the contrary, the amended version of § 2D1.1(c), if applied to recompute Defendant's sentencing range, would result in an ***increased*** base offense level of 38, rather than the base offense level of 36 that was used to determine Defendant's existing sentence. It follows that Defendant is not eligible for a reduced sentence in light of the recent Sentencing Guideline amendments.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's May 1, 2008

motion to reduce sentence (docket #1442) is DENIED.

                                        s/Gerald E. Rosen
                                        Chief Judge, United States District Court

Dated: June 25, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 25, 2009, by electronic and/or ordinary mail.

                                        s/Ruth Brissaud
                                        Case Manager